1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOSE TRINIDAD MARTINEZ                    Case No.   2:23-cv-00447-DJC-JDP
     SANTOYO,
12                                             FINDINGS AND RECOMMENDATIONS
                           Petitioner,
13
                 v.
14
     LASHA BOYDEN, *et al.*,
15
                           Respondents.
16

17

18          Petitioner brings this habeas action under section 2241 challenging a magistrate judge's

19   finding that he may be extradited to Mexico to be prosecuted for aggravated homicide.  ECF No.

20   1; Extradition Case at *In re Extradition of Martinez Santoyo*, No. 21-mj-00125.  He raises five

21   claims in his challenge to the extradition order: (1) the court erred by denying his motion to

22   compel; (2) the court erred by excluding explanatory evidence; (3) the probable cause finding is

23   not supported by sufficient evidence; and, more specifically, (4) there is insufficient evidence to

24   support a probable cause finding that the murder was committed with "undue advantage"; and

25   (5) his Sixth Amendment right to a speedy trial bars extradition.  I recommend that the petition be

26   denied.

27          **I.      Background**

28          Petitioner is accused of murdering Jose Luis Vela Miranda after an argument in

The early morning hours of December 21, 2013, outside a pool hall in Heujiquilla, in the Mexican state of Jalisco.  Petitioner allegedly challenged Miranda to a fight, and, when he declined the challenge, shot him in the head at close range.  ECF No. 13 at 8.  In August 2021, following a request from the Mexican government, the United States filed a complaint seeking petitioner's arrest.  *Id.*  Petitioner was arrested on May 12, 2022, and, on July 11, 2022, a formal extradition request was received from Mexico.  *Id.*  After a hearing on February 22, 2023, the magistrate judge found petitioner extraditable.  *Id.* at 9.

## II.     Legal Standards

In reviewing an order certifying extradition, a habeas court's scope of review is "severely limited."  *Artukovic v. Rison*, 784 F.2d 1354, 1355-56 (9th Cir. 1986).  A petition challenging an extradition order can attack the order only on four grounds: (1) whether the extradition court had jurisdiction over the fugitive; (2) whether the offense charged is within the relevant extradition treaty; (3) whether there is 'any competent evidence' supporting the probable cause determination by the magistrate judge; and (4) whether the crime falls within the political offense exception.  *Vo v. Benov*, 447 F.3d 1235, 1240 (9th Cir. 2006); *Cornejo-Barreto v. Seifert*, 218 F.3d 1004, 1010 (9th Cir. 2000) (overruled in part on other grounds in *Trinidad y Garcia v. Thomas*, 683 F.3d 952, 957 (9th Cir. 2012)).

## III.    Analysis

### A.  Denial of Petitioner's Motion to Compel

Although the issue of whether an extradition court erred in denying discovery does not fit neatly within the elements identified above, the court may consider this issue on habeas review.  *See Quinn v. Robinson*, 783 F.2d 776, 817 n. 41 (9th Cir. 1986) ("Needless to say, a habeas court can determine whether the magistrate's decision to deny discovery constituted an abuse of discretion that deprived the accused of due process.").

Petitioner argues that the magistrate judge erred in rejecting his motion to compel production of information held by the government concerning allegations that the victim and his family had links to Los Zetas drug cartel and were involved in bribing Mexican officials.  ECF No. 11 at 6.  In ruling on petitioner's motion to compel, the magistrate judge ordered the

2

government to turn over evidence that any witness statements concerning the murder were obtained by coercion, duress, or torture.[1]  *See* 2:21-mj-00125-KJN at ECF No. 49 at 1.  He denied the motion in all other respects.  *Id.*  The magistrate judge wrote:

> On October 13, Santoyo filed a motion to compel exculpatory evidence.  Santoyo seeks evidence in the government's possession regarding decedent's, decedent's family, and the witnesses' connections with Los Zetas, a Mexican drug cartel.  Santoyo argues evidence of decedent's and his family's affiliation with Los Zetas and the witnesses' connection to, and coercion by, the cartel is explanatory and relevant to the court's probable cause determination.
>
> The government opposed Santoyo's discovery motion, arguing the request is beyond the court's discretion and is an improper attempt to convert the extradition proceeding into a criminal trial.  Santoyo filed a reply on November 17, 2022, contending the discovery request is narrow as it asks the court to compel only explanatory evidence.

*Id.* at 2 (internal citations to docket omitted).  The magistrate judge rejected petitioner's request for evidence of the victim's possible cartel connections, reasoning:

> Regarding the involvement of decedent, his family, or the witnesses in drug trafficking, official corruption, and a drug cartel, Santoyo contends any such evidence would negate probable cause because it would show the existence of corruption or coercion in the case.  The court disagrees.  Discovery in an extradition proceeding is limited to information relating to probable cause, and these categories of evidence do not explain away any such probable cause.
>
> Here, unlike *Santos*[ *v. Thomas*, 830 F.3d 987, 992 (9th Cir. 2016)], information regarding the witnesses' general involvement with corruption, drug trafficking, or a cartel does not itself indicate the manner of collection of the witness statements.  Broad information regarding decedent and his family's alleged involvement in a cartel would not negate probable cause, as general evidence relating to the involvement of persons in a criminal organization would be contradictory (at best).

---

[1] The government concluded, and the magistrate judge accepted, that this order should apply only to the U.S. Attorney's Office and Department of Justice's Office of International Affairs.  Petitioner argues that I should remand this issue with an order that the entire U.S. Government be required to comply and turn over evidence in its possession—or that I should compel such disclosure myself.  ECF No. 11 at 7-8.  Petitioner has neither provided supporting authority for this argument nor shown why the aforementioned limitation was erroneous.

1   2:21-mj-00125-KJN, ECF No. 49 at 7-8.

2        The magistrate judge did not abuse his discretion in ruling that the sought-after

3   information would be contradictory and, thus, not admissible in extradition proceedings.  An

4   extradition hearing is not a trial; it is a forum for evaluating whether sufficient probable cause

5   exists to certify extradition.  Any relevant trial must occur in the demanding country.  The

6   Supreme Court has held that "[w]hether evidence offered on an issue before the committing

7   magistrate is relevant is a matter which the law leaves to his determination, unless his action is so

8   clearly unjustified as to amount to a denial of the hearing prescribed by law."  *Collins v. Loisel*,

9   259 U.S. 309, 317 (1922).

10        And, contrary to petitioner's contentions, *Brady* protections are not applicable in

11   extradition proceedings.  *Merino v. United States Marshal*, 326 F.2d 5, 13 (9th Cir. 1963); *In re*

12   *Extradition of Ameen*, 378 F. Supp. 3d 902, 910 (E.D. Cal. 2019) ("*In Merino v. United States*

13   *Marshal*, the Ninth Circuit held that *Brady* is not applicable to international extradition hearings

14   like the one at bar.").  Petitioner relies on a Sixth Circuit decision, *Demjanjuk v. Petrovsky*, 10

15   F.3d 338, 353 (6th Cir. 1993), for the opposite proposition.  That decision is not binding in this

16   circuit and, as respondent points out, even if it were, its holding applies only where the United

17   States government had conducted its own investigation and uncovered exculpatory material.  *In*

18   *re Drayer*, 190 F.3d 410, 414 (6th Cir. 1999) ("[I]n *Demjanjuk*, the United States had conducted

19   its own investigation of the offense underlying the request for extradition and uncovered

20   exculpatory material in the course of that effort . . . .  No such investigation occurred here; rather,

21   the involvement of the United States can only be characterized as ministerial in the sense that it

22   merely received factual information developed by Canadian authorities.").

23                    **B.  Exclusion of Explanatory Evidence**

24        In a related claim, petitioner argues that the magistrate judge erred in excluding evidence

25   that the victim had gunshot residue on his hand.  ECF No. 11 at 12.  The judge reasoned:

26            It appears that Martinez's true purpose in offering this exhibit is to
             argue that Vela Miranda himself was armed, which arguably calls
27            into question the "unfair advantage" portion of the charge.  There is
             no other apparent reason that the defendant wants to "explain" the
28            government's evidence.  Similar to the eyewitness statements, this

                                         4

seems to be a question of fact for Mexican jurors to resolve. To wit, if the jury believes Vela Miranda was armed, this may result in an acquittal on this charge due to the failure of the prosecutor to prove the "unfair advantage" element; however, the jury could just as easily believe Vela Miranda had residue on his hand because he reached for Martinez's gun just before Martinez pulled the trigger. This issue is not one for the court to consider here but is left for trial in Mexico.

2:21-mj-00125-KJN, ECF No. 55 at 13. This determination was reasonable and not an abuse of discretion.

### C.  Sufficient Evidence Supports the Finding of Probable Cause

The magistrate judge concluded that there was sufficient evidence of probable cause and certified petitioner for extradition. He found that the three witness statements contained in the Mexican prosecutor's summary were sufficient to establish probable cause. *Id.* at 9-10. The accounts, each of which is reproduced in relevant part in the magistrate judge's extradition order, are all eyewitness descriptions of the killing, and all implicate petitioner in the murder.

Petitioner argues that these accounts are not competent evidence of probable cause because there are discrepancies and inconsistencies between them. ECF No. 11 at 9. He argues that statements taken from the witnesses by investigating officers on December 21, 2013, differed from statements given to the prosecutor the following day. *Id.* Investigation of such discrepancies and determinations of witness credibility, however, are reserved for trial proceedings in Mexico. *See In re Extradition of Mainero*, 990 F. Supp. 1208, 1218 (S.D. Cal. 1997) ("Evidence that conflicts with that submitted on behalf of the demanding party is not permitted, nor is impeachment of the credibility of the demanding country's witnesses."). And, for current purposes, the question is further restricted—"[o]ur inquiry on habeas review is whether *any* competent evidence supports the extradition court's probable cause finding." *Santos v. Thomas*, 830 F.3d 987, 1008 (9th Cir. 2016) (emphasis in original). That question draws an affirmative answer here.

### D.  Evidence of Undue Advantage

In a separate but related claim, petitioner argues that insufficient evidence supports a probable cause finding that, as charged in Mexico, he is alleged to have carried out the murder

1    with "undue advantage."  The relevant Mexican law provides that "[u]nfair advantage exists . . .

2    (a) [w]hen the perpetrator is significantly stronger than the victim or the victim is unarmed; (b)

3    [w]hen the perpetrator is stronger due to the weapons they use, due to greater skill with those

4    weapons, or by the number of persons accompanying them; (c) [sic] [w]hen, for whatever reason,

5    the perpetrator's life is not endangered by the victim as perpetrating the crime."  ECF No. 11 at

6    10-11.  Accepting the eyewitness accounts as true, there was unfair advantage insofar as

7    petitioner shot the victim, who had just refused an invitation to fight and who was not armed, in

8    the head at close range.  Whether those witness statements are credible is a question reserved for

9    the Mexican criminal proceedings.

10                              **E.  Speedy Trial**

11          Petitioner's final claim is that his speedy trial rights were violated.  The murder occurred

12    in 2013, and an arrest warrant was issued for petitioner in Mexico in January 2014.  ECF No. 11

13    at 14.  The Mexican government did not request petitioner's extradition until 2022, however.

14    Though the Ninth Circuit has not addressed this issue directly,[2] other circuits have rejected the

15    application of speedy trial rights to extradition proceedings.  *See Sabatier v. Dabrowski*, 586 F.2d

16    866, 869 (1st Cir. 1978) ("The question of guilt or innocence is left to determination in a different

17    proceeding in another country.  Nothing in the present circumstances leads us to view the sixth

18    amendment right to a speedy trial as germane."); *Jhirad v. Ferrandina*, 536 F.2d 478, 485 n.9 (2d

19    Cir. 1976) ("We note, moreover, that the Sixth Amendment's guarantee to a speedy trial, limited

20    by its terms to criminal prosecutions, is inapplicable to international extradition proceedings.");

21    *McDonalds v. Burrows*, 731 F.2d 294, 297 (5th Cir. 1984) ("The First and Second Circuits have

22    both declined to apply the sixth amendment right to a 'speedy and public trial' to extradition

23    proceedings. . . . We concur in their reasoning and join in their result ."); *Yap v. Reno*, 26 F.3d

24    1562, 1565 (11th Cir. 1994) ("We have accordingly refused, as a matter of constitutional law, to

25    _____

26          [2] Ninth Circuit precedent does state, however, that "[w]hen the United States is the
requested country, delay in seeking extradition may be relevant to the Secretary of State's final

27    determination as to whether extradition may go forward. . . . The delay may not, however, serve
as a defense to judicial extradition proceedings."  *Kamrin v. United States*, 725 F.2d 1225, 1227

28    (9th Cir. 1984).

1  recognize any right to a speedy trial in international extradition proceedings under either the Sixth

2  Amendment or the Due Process Clause of the Fifth Amendment.").  Accordingly, this claim

3  should be denied.

4      **IV.   Conclusion**

5      Based on the foregoing, I recommend that the amended petition, ECF No. 11, be

6  DENIED.

7      These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

9  after service of these findings and recommendations, any party may file written objections with

10  the court and serve a copy on all parties.  Such document should be captioned "Objections to

11  Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed

12  within fourteen days of service of the objections.  The parties are advised that failure to file

13  objections within the specified time may waive the right to appeal the District Court's order.

14  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

15  1991).

16

17  IT IS SO ORDERED.

18

19  Dated:   __September 28, 2023__    _____

20                  JEREMY D. PETERSON
       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28